NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3140

RONALD P. ALLY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Ronald P. Ally, of Houston, Texas, pro se.

Armando A. Rodriguez-Feo, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel was Paul St. Hillaire, Office of Personnel Management, of Washington, DC.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3140

RONALD P. ALLY,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in
DA0831080497-I-1.

_____

DECIDED: August 7, 2009

_____

Before SCHALL, PLAGER, and MOORE, Circuit Judges.

PER CURIAM.

Ronald P. Ally petitions for review of a final decision of the Merit Systems
Protection Board (Board) relating to his retirement annuity under the Civil Service
Retirement System (CSRS).[1]  The Board affirmed a decision of the Office of Personnel
Management (OPM) that reduced Mr. Ally's annuity by eliminating credit for his military
service.  We affirm.

---

[1] Ally v. Office of Pers. Mgmt., No. DA-0831-08-0497-I-1 (Nov. 13, 2008)
(initial decision); Ally v. Office of Pers. Mgmt., No. DA-0831-08-0497-I-1 (Feb. 18, 2009)
(final order denying petition for review).

Mr. Ally retired from the United States Postal Service effective March 25, 1997, after nearly twenty-eight years of service. His original CSRS retirement annuity computation was based on total service, including credit for active duty military service between January 12, 1967, and December 21, 1968. In 2008, when Mr. Ally became eligible at the age of sixty-two for Social Security benefits, OPM notified him that his annuity would be recomputed without credit for his military service because he had not made a deposit for the service. Mr. Ally appealed to the Board, which affirmed OPM's decision. We review a decision of the Board to determine, among other things, whether it is supported by substantial evidence. See 5 U.S.C. § 7703(c).

Under 5 U.S.C. § 8332(c)(1)(A), "the service [used to compute the annuity] of an individual who first becomes an employee . . . before October 1, 1982, shall include credit for each period of military service performed before the date of the separation on which the entitlement to an annuity under this subchapter is based . . . ." That section, however, is qualified by section 8332(j)(1), which provides that "[n]otwithstanding any other provision of this section," when a retiree becomes entitled at the age of sixty-two to Social Security benefits, OPM "shall redetermine the aggregate period of service on which the annuity is based . . . so as to exclude [military] service [performed after December 1956]." Section 8332(j)(1) in turn is qualified by section 8332(j)(2), which states that the "provisions of paragraph (1) of this subsection relating to credit for military service shall not apply to—(A) any period of military service of an employee . . . with respect to which the employee . . . has made a deposit with interest, if any, under section 8334(j) of this title." Thus the annuity of an employee such as Mr. Ally who retires before he is eligible for Social Security benefits will be recomputed without credit

for military service when he becomes eligible for such benefits, unless he has made the deposit required by 5 U.S.C. § 8334(j).

OPM's regulations require that a deposit for military service be made at the time of retirement unless the failure to make the deposit is the result of administrative error. 5 C.F.R. § 831.2104(a). It is undisputed that Mr. Ally did not make the required deposit when he retired. The question, then, is whether Mr. Ally's failure to make the deposit was the result of administrative error.

Mr. Ally alleges that the consequences of electing not to make a deposit were not explained to him when he retired. The administrative judge, however, found that Mr. Ally had been advised of the requirement to make the deposit while still employed and the potential effect on his annuity of not making the deposit. Specifically, Mr. Ally completed and signed the 1990 version of SF-2801, entitled "Application for Immediate Retirement." In response to a question in Schedule A of the application that asks whether the applicant has paid a deposit for post-1956 military service, Mr. Ally checked "no." Schedule A also explains that the deposit must be made before retirement and refers the applicant to Section B of the instructions for the effect on his annuity if the deposit is not paid. Section B of the instructions states in relevant part:

> The military service deposit must be paid to your agency while you are still employed. . . . If you do not make the deposit and you are eligible for Social Security benefits at age 62, your annuity will be recomputed (at age 62) to eliminate credit for the post-1956 military service.

Mr. Ally also signed Form 1515, "Military Service Deposit Election," which again explains that annuity benefits will be reduced at age sixty-two if the military service deposit is not made before retirement. Mr. Ally checked the option indicating that he did not want to make the deposit.

2009-3140                                    3

The forms signed by Mr. Ally contain specific, detailed information about the deposit requirement and the consequences of not making a deposit before retirement. The Board's findings that Mr. Ally was properly advised that his annuity would be reduced at the age of sixty-two if he failed to make the deposit and that no administrative error occurred that would entitle Mr. Ally to make a belated deposit are supported by substantial evidence. The decision of the Board is affirmed.

## COSTS

Each party shall bear its own costs.